IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WALTER N. GUITY<br>      Plaintiff<br><br>v.<br><br>STATE OF HAWAII, KEITH M. KANESHIRO, and KAREN S.S. AHN<br>      Defendants | DC No. 1:21-cv-00055-LEK-KJM<br><br>Memorandum in Support |

**MEMORANDUM IN SUPPORT**

Pursuant to a negotiated plea agreement, Plaintiff Walter N. Guity pled guilty in May 2011 to a charge of sexually assaulting his (at the time) wife and a second charge of sexually assaulting a second woman. *See State v. Guity*, 445 P.3d 138, 140 (Haw. 2019); *State v. Guity*, 2016 WL 6427681, at *2–*3, *5, *9–*10 (Haw. Ct. App.) (Oct. 31, 2016) (unpublished) (describing the plea negotiations and colloquy and the "tactical basis" for Guity to plead guilty pursuant to a package deal on both counts). Now nearly ten years later, the plaintiff seeks $26.2 million under 42 U.S.C. §1983, on an allegation that his guilty plea was the product of the named defendants and Mr. Minn conspiring to violate his constitutional rights; as he puts it: "A criminal defendant's right to an attorney found under the Sixth Amendment; Fifth Amendment, No person shall be compelled in any criminal case to be a witness against himself or deprive of

Freedom; and the Sixth Amendment [g]uarantee to trial." *Complaint*, ECF 1, PageID 4. For the following reasons, the complaint should be dismissed as to Mr. Minn with prejudice.

**1.      The Complaint Fails to Name Mr. Minn as a Defendant.**

The caption of the complaint does not name Mr. Minn. *See* ECF 1, PageID 1. The form complaint that the plaintiff used unambiguously instructed him to "[w]rite the full name of each defendant who is being sued" in the caption. ECF 1, PageID 1. And his caption only names "State of Hawaii, Keith M. Kaneshiro, Karen SS Ahn" as defendants. ECF 1, PageID 1. Similarly, in reciting the "injuries" he "sustained" in section IV of the complaint, the plaintiff does not describe Mr. Minn as having caused him any injury. ECF 1, PageID 6. Instead, the plaintiff merely alleges that "[t]he prosecutor's and Judge Ahn actions" harmed him. ECF 1, PageID 6.

In section I.B. of the complaint, however, the plaintiff inconsistently lists Mr. Minn as "Defendant No. 4" and indicates that he is being sued in his "[i]ndividual [c]apacity." ECF 1, PageID3. Section II.D. of the complaint also mentions Mr. Minn, in a jurisdictional allegation that asserts that Mr. Minn "aided" the State of Hawaii and Judge Ahn in "compell[ing] [the plaintiff] to plead guilty to charges, I could not have legally committed." ECF 1, PageID 4. And in section III.C. of the complaint, the plaintiff states the facts underlying his claim as follows:

2

> While facing false allegations, I retained and was represented by Mr. Reginald P. Minn. Mr. Minn come to colluded with Mr. Kaneshiro and Judge Ahn to have me plea guilty. I never got to face my accusers in court to cross examin, but did cross examine Mr. Minn when he became a witness for the state to secure my conviction. After firing Mr. Minn, I invoked my constitutional right to counsel and ask that a counsel be appointed. However, Judge Ahn denied me of that right. More, denied me or the right to withdraw the Plea Deal. During the sentencing face, Judge Ahn continue to violate and deprive my right to counsel, when she denied my request to be appointed an appellate counsel. Therefore sentencing me to 18 Months in prison and 5 years probation.

ECF 1, PageID 5 (all errors in original).

Mr. Minn submits that the complaint fails to adequately name him as a defendant because he is not listed in the caption and the plaintiff fails to identify, in section IV of the complaint, an injury that Mr. Minn caused to the plaintiff. However, even if the remainder of the complaint is liberally construed as somehow curing these deficiencies, this Court should still dismiss the complaint with prejudice as to Mr. Minn, if not all defendants, for the reasons that follow.

2.   **The Complaint Does Not State a Claim Against Mr. Minn.**

Pertinent law is well-settled. "To state a claim under 42 U.S.C. §1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law." *Scaperotta v. Kauai Police Dep't*, 2021 WL 1009293, at *2 (D. Haw.) (Mar. 16, 2021) (slip copy) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)); *see also*, *e.g.*, *Benavidez v. County of San Diego*, ___ F.3d

\_\_\_, 2021 WL 1343530, at *5 (CA9 2021) (same); *Ulep v. Sequeira*, 2021 WL 904860, at *2 (D. Haw.) (Mar. 9, 2021) (slip copy) (same). Section 1983, moreover, "requires a connection or link" between each defendant's alleged actions and an alleged injury. *Scaperotta*, 2021 WL 1009293, at *2 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978), *Rizzo v. Goode*, 423 U.S. 362, 371–372 (1976), and *May v. Enomoto*, 633 F.2d 164, 167 (CA9 1980)). "Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to a violation of his rights." *Scaperotta*, 2021 WL 1009293, at *2; *see also*, *e.g.*, *Ulep*, 2021 WL 904860, at *1.

A pro se complaint is construed liberally and suffices to state a claim when it alleges sufficient facts that, if accepted as true, make out a "plausible" basis for relief. *Ulep*, 2021 WL 904860, at *1 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Especially important here, however, is that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Oliver v. Hawaii*, 2018 WL 6355554, at *1 (D. Haw.) (Dec. 5, 2018) (not reported) (quoting *Iqbal*, 556 U.S. at 678)); *see also*, *e.g.*, *Ulep*, 2021 WL 904860, at *1. And "'[t]he mere possibility of misconduct,'" or an "'unadorned, the-defendant-unlawfully-harmed-me-accusation' falls short of meeting this

4

plausibility standard." *Ulep*, 2021 WL 904860, at *1 (quoting *Iqbal*, 556 U.S. at 678–679, and citing *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (CA9 2009)).

The plaintiff's complaint contains only threadbare, conclusory allegations against Mr. Minn. The complaint states that "Mr. Minn come to colluded" with the prosecutor and judge "to have [the plaintiff] plead guilty," ECF 1, PageID 5, and that Mr. Minn "aided" in "compell[ing] [the plaintiff] to plead guily[.]" ECF 1, PageID 4. The complaint does not identify any specific injury that Mr. Minn caused the plaintiff. *See* ECF 1, PageID 6. The complaint recites no underlying facts as to what Mr. Minn specifically did that constituted aiding and colluding with the prosecutor and the judge or, furthermore, as to what constituted the alleged compulsion. Much less does the complaint allege any connection, link, or nexus between any specific act on Mr. Minn's part and a specific injury that Mr. Minn's conduct caused. This is a *textbook* example of a complaint that does nothing more than make threadbare recitals, supported by nothing more than conclusory statements, which do nothing more than (implausibly[1]) suggest a mere

---

[1] The history of the plaintiff's criminal case in the state courts makes plain that Mr. Minn successfully negotiated a tactically beneficial package plea deal for the plaintiff with, moreover, the plaintiff's full knowledge and approval, as the plaintiff acknowledged during his plea colloquy. *See Guity*, 2016 WL 6427681, at *2–*3, *5, *9–*10.

possibility of misconduct, and amount, at day's end, to nothing more than an unadorned the-defendant-unlawfully-harmed-me-accusation against Mr. Minn.

### 3. As to Mr. Minn, the Complaint Fails Because He Was Not Acting Under Color of State Law.

The complaint also fails to state a claim against Mr. Minn because it does not allege that he acted under color of state law. This Court has previously summarized pertinent law on this point as follows:

> The Constitution protects individual rights from government action only, not from private action. Generally, private parties are not considered to be acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 702–08 (CA9 1991). It is only when the government is responsible for the specific conduct about which the plaintiff complains that individual constitutional rights are implicated. *See Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746–47 (CA9 2003). A §1983 plaintiff must show that a defendant's actions are fairly attributable to the government, which involves significant state involvement in the action in question. *Franklin v. Fox*, 312 F.3d 423, 444–45 (CA9 2002).
>
> To attribute a private individual's conduct to state action requires two elements: a state policy and a state actor. The state policy element can be satisfied if there is the exercise of state-created rights, privileges, or rules of conduct. …. The state actor element may be established where there is conduct on the part of a state official, or an individual who acts in concert with a state official, or has obtained significant aid therefrom, or whose conduct is otherwise chargeable to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). That is, "to show that a private action is in fact state action, the plaintiff must show that there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Grijalva v. Shalala*, 152 F.3d 1115, 1119 (CA9 1998) *vacated on other grounds by* 526 U.S. 1096 (1999).

*Char v. KHON*, 2018 WL 5284191, at *2 (D. Haw.) (Oct. 24, 2018) (not reported) (citations and typography emended); *see also*, *e.g.*, *Crowe v. County of San Diego*, 608 F.3d 406, 440 (CA9 2010) (to tie a private individual to state action on a theory that he acted in concert with a state actor requires the plaintiff to allege "'the existence of an agreement or meeting of the minds' to violate constitutional rights" (citing *Mendocino Environmental Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (CA9 1999))).

    The plaintiff neither alleges nor suggests any state policy under which Mr. Minn was allegedly acting when he "colluded" and "aided" in "compelling" the plaintiff to plead guilty. Thus, the "state policy" requirement is not met here.

    The "state action" requirement isn't either. The complaint does not make a showing that Mr. Minn's actions in negotiating a tactically beneficial package plea deal on the plaintiff's behalf is attributable to the State of Hawaii. Nor, as a matter of law, could it. Mr. Minn was not an agent of the State when he was representing, and being an agent of, the plaintiff in his criminal case. The plaintiff's claim against Mr. Minn, in sum, "fail[s] as a matter of law," because "defense attorneys are not 'state actors' for purposes of §1983." *Swaggerty v. Trevarthen*, 715 Fed. App'x 556, 558 (CA7) (Mar. 20, 2018) (unpublished) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a

7

defendant in a criminal proceeding")); *see also*, *e.g.*, *Brown v. Woodworth*, 2016 WL 3709609, at *3 (C.D. Cal.) (June 2, 2016) (not reported) (recognizing that "plea negotiations are consistent with a criminal defense attorney's traditional functions" and did not suffice to constitute state action on the theory that defense counsel "conspire[d] with a state actor" in negotiating a plea deal with the prosecutor).

### 4. Any Claim Against Mr. Minn Fails for Want of Proximate Cause.

"To support a claim under §1983, a plaintiff must sufficiently allege proximate cause." *Walsh v. Tehachapi Unified School Dist.*, 827 F.Supp.2d 1107, 1120 (E.D. Cal. 2011) (citing *Arnold v. Int'l Bus. Machine Corp.*, 637 F.2d 1350, 1355–1356 (CA9 1981)). Traditional principles of tort law govern what counts as proximate cause and what, instead, counts as an "intervening" one that breaks the chain of causation. *Walsh*, 827 F.Supp.2d at 1120 (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (CA9 1996)). This Court "decides whether reasonable disagreement on the issue [of causation] is tenable." *Walsh*, 827 F.Supp.2d at 1120 (quoting *Van Ort*, 92 F.3d at 837). Mr. Minn's negotiation of a plea deal was not the proximate cause of the plaintiff's guilty plea. There were, instead, two intervening causes that break the chain of causation. The first is the plaintiff's admissions and waivers during the plea colloquy. *See Guity*, 2016 WL 6427681, at

\*2–\*3, \*5, \*9–\*10. The second is the circuit court judge's acceptance of the plaintiff's guilty plea. *See id.*

Indeed, the judge's independent acceptance of the plea deal effectively cuts off any liability the plaintiff believes Mr. Minn has as to the plaintiff's §1983 claim. "It is a well-settled principle that the '[f]iling of a criminal complaint immunizes investigating officers … from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1027 (CA9 2008) (brackets in *Harper*) (quoting *Smiddy v. Varney*, 665 F.2d 261, 266 (CA9 1981), overruled on other grounds by *Beck v. City of Upland*, 527 F.3d 853, 865 (CA9 2008)). The general idea animating that well-settled principles is that, when the plaintiff's claimed injury is the result of a subsequent actor's "independent professional judgment based upon a thorough review" of the record, a prior actor is not the proximate cause of the plaintiff's injury. *McSherry v. City of Long Beach*, 584 F.3d 1129, 1137 (CA9 2009). Thus, the judge's decision to accept the plea agreement, as a matter of law, cuts off proximate cause as to Mr. Minn. And, in doing so, effectively immunizes him.

9

### 5. The Plaintiff's Claim is Barred by the Statute of Limitations.

"Because 42 U.S.C. §1983 does not contain its own statute of limitations, 'actions brought pursuant to 42 U.S.C. §1983 are governed by the forum state's statute of limitations for personal injury actions.'" *Scaperotta*, 2021 WL 1009293, at *3 (quoting *Knox v. Davis*, 260 F.3d 1009, 1012–1013 (CA9 2001) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)); brackets omitted). Hawaii's "statute of limitations for personal injury actions is two years." *Scaperotta*, 2021 WL 1009293, at *3 (citing Haw. Rev. Stat. §657-7, and *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (CA9 2019)). "The statute of limitations runs from the time the action accrues, which is 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Estrada v. Martin*, 2020 WL 1820046, at *2 (E.D. Cal.) (Apr. 10, 2020) (slip copy) (quoting *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (CA9 2008)).

The plaintiff's claim rests on a guilty plea that occurred in 2011. The plaintiff, moreover, first began alleging malfeasance against Mr. Minn as to that plea within months. *See Guity*, 445 P.3d at 140; *Guity*, 2016 WL 6427681, at *2–*4. And his complaints as to Mr. Minn led to the state circuit court granting Mr. Minn's motion to withdraw as counsel on September 6, 2011. *See Guity*, 2016 WL 6427681, at *3–*4. The plaintiff thus knew and had reason to know *in 2011* of whatever injury he might have in mind (but which has not been adequately pled in

his complaint) as to Mr. Minn's negotiation of the plaintiff's package plea deal. As to Mr. Minn, the statute of limitations thus ran out in 2013. The plaintiff's complaint, filed on January 21, 2021, is accordingly barred, as a matter of law, by the statute of limitations.

### 6. Leave to Amend Should Not Be Granted and Dismissal Should Be With Prejudice.

"When a claim cannot be saved by amendment, dismissal with prejudice is appropriate." *Ulep*, 2021 WL 904860, at *2 (citing *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (CA9 2013)). Two, if not three, of the problems discussed above cannot be cured by more artful pleading.

As to Mr. Minn, the plaintiff's statute of limitations problem is insurmountable and cannot be cured by amending the complaint. There is no set of facts under which the plaintiff did not know in 2011, or should not have then known, of whatever §1983 claim he envisions his complaint lodges against Mr. Minn. The decisions of the state appellate courts establish that the plaintiff knew of the basis of any claim he believes he has against Mr. Minn in 2011. *See Guity*, 445 P.3d at 140; *Guity*, 2016 WL 6427681, at *2–*4.

Similarly insurmountable are the color-of-state-law problems. There is no state policy that the plaintiff can point to in an amended complaint. Nor, given that the question has been answered as a matter of *law* by the Supreme Court, is there any set of facts under which the plaintiff can prove defense counsel's performance

of his traditional functions while representing his client in a criminal case amounts to acting under color of state law. *See Dodson*, supra.

There is also no reason to believe that the plaintiff can amend the complaint to state proximate cause as to Mr. Minn.

The plaintiff, in sum, has filed a complaint that, as a matter of law, cannot be saved by amendment. *See Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (CA9 2018). Dismissal with prejudice is, accordingly, the appropriate thing to do here. *See Paniagua v. County of Alameda*, 2011 WL 635260, at *3 (N.D. Cal.) (Feb. 11, 2011) (not reported) (dismissing with prejudice on statute of limitations grounds and because plaintiff's "§1983 claims fail as a matter of law"); *Brumbaugh v. Comerica Bank*, 2008 WL 11337490, at *14–*15 (S.D. Cal.) (Feb. 27, 2008) (not reported) (dismissing with prejudice because §1983 claims were "clearly time-barred" and because plaintiff could not cure pleading deficiencies as a matter of law).

### 7. The Over-Arching Problem with the Plaintiff's Claim.

There is, finally, an over-arching problem with the plaintiff's §1983 claim. The claim that the plaintiff raises is that defense counsel, the prosecutor, and the judge conspired to force him to unconstitutionally plead guilty to an impossible crime, because it was not unlawful to sexually assault his wife at the time he did so. *See Guity*, 445 P.3d at 141–142; *Guity*, 2016 WL 6427681, at *6–*8. The

Hawaii Supreme Court held that the error as to the count involving his wife tainted, and therefore required granting him leave to withdraw, his guilty plea to the second count against another woman on a 'bundling' theory—because, "on the facts in this case," his plea agreement was dressed up as a package deal. *See Guity*, 445 P.3d at 142–145. The Hawaii Supreme Court grounded its holding on state law and applied an abuse-of-discretion standard of review. *See Guity*, 445 P.3d at 142–145. It did not hold that *federal constitutional law* required setting aside the entirety of bundled guilty pleas to multiple counts when the plea to one count was later determined to be invalid under state law. Much less did it hold the plaintiff innocent of either crime or otherwise hold that he could not be further prosecuted and convicted of either crime on remand.

Absent a federal constitutional basis for setting aside his guilty plea to the second, and more serious, sexual assault count, it is hard to spot how the plaintiff suffered a federal constitutional injury, even if the conspiracy as to the wife-count occurred as he fantasizes it did. His claimed injuries—the trauma and collateral familial consequences of being prosecuted and imprisoned—are just as attributable to the conviction on the second sexual assault count as they are to the wife-count. More so, as the wife-count was a third-degree sexual offense but the second count was a second-degree sexual offense.

The plaintiff's complaint does not explain how his plea to the second-degree sexual offense violated his federal constitutional rights. That deficiency appears to erect yet another intervening cause that turns off the plaintiff's ability to adequately allege proximate cause. The validity, as a matter of federal constitutional law, of the guilty plea to the second-degree sexual offense also appears to preclude any attempt the plaintiff might make to rely on the Hawaii Supreme Court's 2019 decision to bring his claim within the statute of limitations. The injury the Hawaii Supreme Court acknowledged and remedied in its decision was not a federal constitutional injury, nor did the Hawaii Supreme Court otherwise discuss whether the guilty plea to the second-degree offense violated federal constitutional law. Thus, the Hawaii Supreme Court's decision does not provide a basis for ruling that the plaintiff remained unaware of the violation of his federal constitutional rights until the Hawaii Supreme Court ruled in his case.

## Conclusion

This Court should grant Mr. Minn's motion to dismiss with prejudice. He is not a named defendant. Even if he were, the complaint's threadbare and conclusory assertions do not state a claim against him. Even if they did, the plaintiff, as a matter of law, cannot show that Mr. Minn acted under color of state law. Even if the plaintiff could, the plaintiff cannot allege proximate cause, again as a matter of law. And even if the plaintiff could, any claim against Mr. Minn is clearly time-

barred. Leave to amend would, accordingly, be futile, so dismissal with prejudice is the appropriate relief that should be granted on this motion.

Date: Honolulu, Hawaii, May 10, 2021

> /s/ Thomas M. Otake
> THOMAS M. OTAKE
> Attorney for
> Reginald Minn