ORIGINAL

CC: LEK/Filed only

RECEIVED BY OVERNIGHT FILING

Walter N. Guity
1042 Matzie Lane
Honolulu, HI 96817
(808)367-8487
guity.wn@gmail.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 11 2021

at __1__ o'clock and __45__ min. __P__ M
MICHELLE RYNNE, CLERK
LS

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAI'I

| | |
|---|---|
| WALTER N. GUITY<br>Pro-Se Plaintiff | ) Case No. 1:21-Civ-00055-LEK-KJM<br>)<br>)<br>) MOTION in opposition to Defendant's<br>) KEITH M. KANESHIRO Motion to |
| V. | ) Dismiss Complaint for Violation<br>) of Civil Rights Filed January 21, 2021 |
| STATE OF HAWAII<br>Duly Served Defendant | ) with Prejudice.<br>)<br>) |
| KAREN S.S. AHN<br>Duly Served Defendant | )<br>)<br>) |
| KEITH M. KANESHIRO<br>Duly Served Defendant | )<br>)<br>) |
| REGINALD P. MINN<br>Duly Served Defendant | )Hon.:Magistrate Judge Kenneth J Mansfield<br>) |

### Plaintiff's Position

I. Facts
II. *Qualified Immunity*
III. Preponderance of the Law
IV. Statute of Limitations
V. Conclusion
VI. Declaration

Mailed On
Date __5/12/21__

Case No. 1:21-Civ-00055-LEK-KJM 1

I.  **Facts**

On May 18, 2010 I was taken into custody by a Honolulu Police Officer who rang the bell to my house and when I opened the door, I found myself at gun point from the officer. He Officer state that my former wife Nadeth M. Guity was alleging that I had beaten her up. I was hand cuffed and put in the police car, then taken to the Wahiawa Police Station. I was told by the arresting Officer that I was not under arrest. That my Military unit was going to be notified and I was going to be released to them for a 72-hour cooldown period. I was never read my Miranda Rights and I exercised my 5th Amendment Right. The Next Day I was transported to the Honolulu Police Detention Center and I after three days a detective came to visit me at which point after reading me my Miranda rights asked me if I knew why I was under arrest, I responded no, and he proceeded to read the charges. From that point forward, I made no statements and I said to the, that Detective that I was exercising my 5th Constitutional Rights. More, that I was going to sought out legal counsel. I was then moved to O.C.C.C. There, I experience inhumane conditions and was forced to sleep on the floor due to overcrowding. All these based on hearsay allegation from Nadeth, as I result of me wanting to Divorce. Once, I got out on bail, I discovered the extent of retaliation against me for wanting out of a bad marriage. After Bailing out I confided and became closed to Christy Acosta, one of my female friends and confide what was going on in my case. As it turned out, she made false allegations against me after our relationship estranged because of me finding out that she had done the same to her husband . All this happened after I retained Divorce Attorney Alethea Rebman and came to learn that Ms. Rebaman was the Public Defender who defended my estranged friend's. I was rearrested on those allegations and sent to O.C.C.C. Facts that I made my retained counsel Mr. Reginald P. Minn know.

A year to the day from the day of my initial arrest, on May 18th 2011, I was transported to court where I was presented with a plea deal and pre-prepared statement from the Prosecutors Office by Mr. Keith M. Kaneshiro. I changed my plea and pleaded guilty under duress, ignorance of the law and had not made any statements of guilt prior or besides the pre-prepare statement from the Prosecutor's Office.

Prior to sentencing I moved to withdraw my plea in accordance with the law; but was not allowed by Judge Ahn and strongly opposed by the prosecuting office.

I appealed my case to the Hawaii Supreme Court in which the circuit court and appellate circuit court were remanded. My final appeal to the Hawaii Supreme Court concluded that in both proceedings the State of Hawaii were "bad actors" as they failed to uphold their fiduciary duty to me, as the accused. The findings of my rebuttal will prove the following: the state is not immune from punishment as their actions were not constitutionally permissible; I filed my case within the statute of limitations. In good faith, I motion to strike opposing counsel's request to dismiss. In addition, I formally request for an evidentiary hearing.

## II. Qualified Immunity

According to Taylor v. Riojas, No. 19-1261, 2 (U.S. Nov. 2, 2020):

Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." Brosseau v. Haugen, 543 U. S. 194, 198 (2004) (per curiam). But no reasonable correctional officer could have concluded that, under the extreme circumstances of this case, it was constitutionally permissible to house Taylor in such deplorably unsanitary conditions for such an extended period of time. See Hope, 536 U. S., at 741 (explaining that "'a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question'" (quoting United States v. Lanier, 520 U. S. 259, 271 (1997))); 536 U. S., at 745 (holding that "[t]he obvious cruelty inherent" in putting inmates in certain wantonly "degrading and dangerous" situations provides officers "with some notice that their alleged conduct violate[s]" the Eighth Amendment). The Fifth Circuit identified no evidence that the conditions of Taylor's confinement were compelled by necessity or exigency. Nor does the summary-judgment record reveal any reason to suspect that the conditions of Taylor's confinement could not have been mitigated, either in degree or duration.

There is no evidence to support that the punishment I received was compelled by necessity or exigency. The summary-judgment as stated in Supreme Court State of Hawaii vs. Guity reveals all the reason to conclude that my unlawful confinement could have been mitigated, in both degree or duration. The global plea should have been exonerated in the first hearing. All implications that followed warrants violation of my eighth amendment rights.

In the United States, qualified immunity is a legal principle that grants government officials performing discretionary functions immunity from civil suits unless the plaintiff shows that the official violated "clearly established statutory or constitutional rights of which a reasonable person would have known".

The Court made clear that absolute immunity may not apply when a prosecutor is not acting as "an officer of the court," but is instead engaged in other tasks, say, investigative or administrative tasks. Id., at 431, n. 33, 96 S.Ct. 984. The Hawaii Supreme Court draw similar conclusion when they ruled on my case. First when the addressed the validity of the plea." HRPP Rule 11 establishes the procedures applicable to guilty pleas. HRPPP11(g) provides : "Determining accuracy of plea. Notwithstanding of acceptance of a plea of guilty, the court shall not enter a judgment upon such plea without making such inquiry as shall satisfy that there is a factual basis for the plea."

Mr. Keith M. Kaneshiro in his capacity as prosecutor along with the lower courts abused its discretion by not acting within the scope of its judicial capacity. After being subjected to cruel and unusual punishment for a crime that at the time was deemed impossible to commit, I am legally seeking damages for personal injury as I am permitted to do so under the color of the law. Hawaii Supreme Court made it clear in their opinion when it concluded with the following:

> "With respect to the State's contention that Guity waived his right to challenge the substantive defect in his guilty plea to third-degree sexual assault of his wife, we conclude conclude that allowing such action by a court that the court's acceptance, and entry of judgment on, a guilty plea to an offense that it knows the defendant could not legally commit implicates the integrity of the judicial system. We conclude that allowing such action by the court would be

**Case No. 1:21-Civ-00055-LEK-KJM4**

    contrary to the truth-seeking function of the criminal judicial system and would serve to undermine the integrity of the system and public confidence in the system."
Mr. Keith M. Kaneshiro knew it was that it was wrong as an arm of the judicial system and evidence is found on from the testimony by Mr. Reginald P. Minn as a state witness after I fired him as my retained counsel. Nevertheless, he went further to prepare a statement of guilt violating my 5th constitutional right of " nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law." Thereby abusing his discretion when, among other things, "disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Id. (quoting State v. Merino, 81 Hawai'i 198, 211, 915 P.2d 672, 685 (1996)).

  Congress' refusal to force a waiver of Eleventh Amendment immunity would not necessarily render meaningless the inclusion of states within the ambit of § 1983 even in cases where voluntary waiver was not forthcoming. In states where sovereign immunity has been legislatively or judicially abrogated, § 1983 plaintiffs could take their claims against the state into state court.

  As supported by the ruling in Ulrich v. Butler: a judge has absolute judicial immunity from resulting civil rights violations, regardless of how reprehensible, if the judge's actions were the kind normally performed by a judge in his judicial capacity. See Eades v. Sterlinske, 810 F.2d 723, 725-26 (7th Cir. 1987). " Ulrich v. Butler, Case No. 09-1133, 3 (C.D. Ill. Jun. 4, 2009).

  The difference between Ulrich v. Butler and my case was that in my case The Hawaii Supreme Court found that the lower courts "abused its discretion." Interpreting the errors of the court, the court were bad actors as "the actions of the judicial powers were not "the kind normally performed by a judge in its judicial capacity." The actions of the lower courts were not found to be not constitutionally permissible. The lower courts acted outside of their scope of judicial powers. Moreover, shining light on prosecutorial misconduct on behalf of Mr. Keith M. Kaneshiro.

As acknowledged by the Supreme Court in Guity v. State of Hawaii :

1. The ICA held that the circuit court had "clearly violated Hawai'i Rules of Penal Procedure ("HRPP")] Rule 11(g)" because he knew "there was no factual basis" for that plea, and it "affirmatively knew that it was legally impossible for Guity to have committed this offense." State v. Guity, No. CAAP-12-0000287, 2016 WL 6427681, at *7 (App. Oct. 31, 2016)(mem.).

2. The circuit court erred in allowing Guity to represent himself at the motion to withdraw his guilty pleas because the circuit court had failed to first obtain a valid waiver of his right to counsel. Id. "Because Guity did not validly waive his right to counsel prior to the hearing, the results of the hearing were tainted, and the Circuit Court's rulings cannot stand." Id. at *10.

3. The ICA erred insofar as it held that Guity is not entitled to withdraw his guilty plea in the circuit court case. Rather, the circuit court should have allowed Guity to withdraw both of his pleas. Because the ICA correctly held that Guity was entitled to withdraw his guilty plea in the family court case, the ICA should have also concluded that Guity was entitled to withdraw his guilty plea in the circuit court case.

### III. Preponderance of the Law

I asked this court.

> (1) Under the preponderance of the law, can a prosecutor use the plea bargain to meet it burden?
>
> (2) Under the preponderance of the can the actions of the prosecutor or prosecutorial misconduct stands; such actions are deemed: "that allowing such action by the court would be contrary to the truth-seeking function of the criminal judicial system and would serve to undermine the integrity of the system and public confidence in the system." The prosecuting attorney's office being an arm and an officer in that system.

**Case No. 1:21-Civ-00055-LEK-KJM6**

Be ignore and when action fall outside of their scope and deemed bad actors under the color of the law?

## IV. Statute of Limitations

The Hawaii statute of limitations for a personal injury claim is two years ( §657-7). Although my case started on May 18, 2018, my case was not resolved until June of 2019. As aforementioned: Decided under the Hawaii Supreme court, my injuries were finally recognized after two appeals against the lower courts. I filed my suit against the state of Hawaii in April 2021, 3 months before statute of limitation.

Furthermore, my suit is protected under common law principle of equitable tolling:

Hawai'i courts have recognized equitable tolling as "[t]he doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." Narmore v. Kawafuchi, 112 Hawai'i 69, 75 n.15, 143 P.3d 1271, 1277 n.15 (2006) (quoting Black's Law Dictionary 579 (8th ed. 2004)), superseded by statute on other grounds, HRS §§ 232–16, 17 (Supp. 2014). In considering whether a claim against the State was tolled, the supreme court has held: In order to toll, a statute of limitations for a complaint filed after its expiration, a plaintiff must demonstrate (1) that he . . . has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way. Extraordinary circumstances are circumstances that are beyond the control of the complainant and make it impossible to file a complaint within the statute of limitations.

I assert that, equitable tolling is applicable. Base on the fact that I have been pursuing my rights diligently and that I can prove it based on the court records. Moreover, the fact that I sought remedies thru the appeals process presented "Extraordinary circumstances" that were beyond my control. The Opinion of the Hawaii Supreme Court on the actions of the lower courts was not published until June 6, 2019 and the order from the Hawaii Supreme Court vacating the sentence and remanding my case was not entered

until July 15, 2019. And, in February 2020 I appeared in circuit court and the cases were dismissed. I then petition the Hawaii Attorney General's Office and was granted for my criminal to be expunged. Because of "my due diligence," I was able to discover the injury "within the expiration of the limitations period." If the court finds that I indeed filed outside of the statute of limitations, again I am protected under Hawaii's equitable tolling statute. In opposition to the State Motion.

### V. Conclusion

I have spent over ten years fighting my case and for my constitutional rights. I am suing for personal injury, lost wages, slander, negligence, defamation of character and cruel & unusual punishment. Under ordinances of the 11 amendment, the State of Hawaii and its bad actors are not precluded from punishment. Opposing Mr. Keith M. Kaneshiro counsel's motion exudes prejudice as a pro se citizen advocating for one's basic right for lawful compensation as a remedy for insures, by the said bad actors. I have done my do diligence in good faith and in a timely manner seeking remedies.

Plaintiff, pray and motion this court to strike opposing counsel's motions to dismiss and approve motion to proceed with my request for an evidentiary hearing and trial.

### VI. Declaration

I, Walter N. Guity declare under the penalty of perjury under the law of the Unites of America, the constitution, and Laws under the State of Hawaii that the forgoing is true and correct.

DATED: Honolulu, Hawai`i, May 11, 2020

_____

**Walter N. Guity**

Pro-Se Plaintiff

Case No. 1:21-Civ-00055-LEK-KJM8

Walter N. Guity
1042 Matzie Lane
Honolulu, HI 96817
(808)367-8487
guity.wn@gmail.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| WALTER N. GUITY<br>Pro-Se Plaintiff | ) CASE No. 1:21-Civ-00055-LEK-KJM<br>)<br>)<br>)<br>) |
| V. | )<br>) |
| STATE OF HAWAII<br>Duly Served Defendant | ) CERTIFICATE OF SERVICE<br>)<br>) |
| KAREN S.S. AHN<br>Duly Served Defendant | )<br>)<br>) |
| KEITH M. KANESHIRO<br>Duly Served Defendant | )<br>)<br>) |
| REGINALD P. MINN<br>Duly Served Defendant | ) Hon.: Magistrate Judge Kenneth J Mansfield<br>)<br>) |

## CERTIFICATE OF SERVICE

    I herby certified on the date indicated below, a copy of the foregoing document was duly served upon the following by electronic service through CM/ECF or Email.

CARON M. INAGAKI
Deputy Attorney General \
Attorney for Defendants
STATE OF HAWAII  AND
KAREN S.S. AHN

KYLE K. CHANG
Deputy Corporate Counsel
City and County of Honolulu
Attorney for Defendant
KEITH M. KANESHIRO

THOMAS M. OTAKE
Attorney for Defendant
REGINALD P. MINN

**Case No. 1:21-Civ-00055-LEK-KJM9**