UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| WALTER N. GUITY,<br><br>           Plaintiff,<br><br>   vs.<br><br>STATE OF HAWAII, KEITH M. KANESHIRO, KAREN S.S. AHN, REGINALD P. MINN,<br><br>           Defendants. | CIV. NO. 21-00055 LEK-KJM |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

On January 21, 2021, pro se Plaintiff Walter N. Guity ("Guity") filed his Complaint for Violation of Civil Rights ("Complaint"). [Dkt. no. 1.] On April 9, 2021, Defendants State of Hawai`i and Karen S.S. Ahn ("the State," "Judge Ahn," and collectively "the State Defendants") filed their Motion to Dismiss Complaint Filed on January 21, 2021 [Doc 1] with Prejudice ("State Motion"). [Dkt. no. 15.] On April 29, 2021 Defendant Keith M. Kaneshiro ("Kaneshiro") filed his Motion to Dismiss Complaint for Violation of Civil Rights Filed January 21, 2021 ("Kaneshiro Motion"). [Dkt. no. 21.] On May 10, 2021, Defendant Reginald P. Minn ("Minn") filed his Motion to Dismiss Complaint (ECF 1) with Prejudice ("Minn Motion"). [Dkt. no. 26.] On May 4, 2021, May 11, 2021, and September 21, 2021, Guity filed his respective oppositions to

the State Motion, the Kaneshiro Motion, and the Minn Motion (collectively "Defendants' Motions").  [Dkt. nos. 24, 27, 41.] On May 21, 2021, September 2, 2021, and October 4, 2021, Kaneshiro, the State Defendants, and Minn (collectively "Defendants") filed their respective replies.  [Dkt. nos. 30, 38, 45.]  The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Defendants' Motions are hereby granted for the reasons set forth below.

## BACKGROUND

The events giving rise to Guity's claims occurred in 2011 and 2012.  Guity alleges he was wrongfully convicted when his defense attorney, Minn, colluded with both the prosecutor, Kaneshiro, and the judge assigned to the case, Judge Ahn, to have Guity plead guilty to a crime he was falsely accused of. Guity also alleges he fired Minn during his prosecution and he cross-examined Minn when Minn then became a witness for the prosecution.  Guity claims that, after firing Minn, he invoked his constitutional right to counsel and asked Judge Ahn to appoint him counsel and to withdraw his guilty plea.  Judge Ahn denied the requests.  Guity was sentenced to eighteen months of imprisonment and five years of probation.  [Complaint at pg. 5.] Guity does not include in the Complaint the crime or crimes that

2

he pled guilty to, but he does claim he was required to register as a sex offender. Guity states all of the charges have since been dismissed. [Id. at pg. 6.]

Guity brings this action pursuant to 42 U.S.C. § 1983. Specifically, Guity claims the following rights were violated: "A criminal defendant's right to an attorney found under the Sixth Ammenedment [sic]; Fifth Amendment, No person shall be compelled in any criminal case to be a witness against himself or deprive of Freedom; and the Sixth Amendment guarantee to trial." [Id. at pg. 4.] Guity alleges his claims against Kaneshiro and Judge Ahn in their official capacities, and his claims against Minn in his individual capacity. [Id. at pgs. 2-3.] Guity seeks: (1) $1,200,000 in compensatory damages; (2) $10,000,000 in special damages; and (3) $15,000,000 in punitive damages. [Id. at pg. 6.]

## DISCUSSION

I.   **The State Defendants' Motion**

The State Defendants argue Guity's § 1983 claims against them should be dismissed with prejudice because: (1) they are immune from suit under the Eleventh Amendment of the United States Constitution; (2) Judge Ahn has absolute judicial immunity; and (3) all statutes of limitations have passed.

### A. Sovereign Immunity

Under the Eleventh Amendment, "[s]tates, their agencies, and their officials in their official capacities are immune from damage suits under state or federal law by private parties in federal court unless there is a valid abrogation of that immunity or an unequivocal express waiver by the state." Monet v. Hawai`i, Civ. No. 11-00211 SOM/RLP, 2011 WL 2446310, at *4 (D. Hawai`i June 14, 2011) (some citations omitted) (citing Sossamon v. Tex., 131 S. Ct. 1651, 1658 (2011)). Here, there is not a valid abrogation of sovereign immunity or an unequivocal express waiver by the State. First, "Congress, in passing 42 U.S.C. § 1983, did not abrogate the Eleventh Amendment immunity of state governments." Oyama v. Univ. of Hawaii, Civ. No. 12-00137 HG-BMK, 2013 WL 1767710, at *6 (D. Hawai`i Apr. 23, 2013). Second, "[t]he State of Hawaii has not waived its sovereign immunity from suit in federal court for civil rights actions." Id. Thus, Guity's § 1983 claims against the State are dismissed because the State is entitled to sovereign immunity. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))). The dismissal is with prejudice

4

because the claims cannot be saved by amendment. See Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." (citation and quotation marks omitted)).

Moreover, Guity's § 1983 claims against Judge Ahn in her official capacity are not "against the official personally, for the real party in interest is the entity." See Kentucky v. Graham, 473 U.S. 159, 166 (1985). Guity's claims against Judge Ahn in her official capacity are therefore dismissed with prejudice for the same reason as the § 1983 claims against the State.[1] See, e.g., Abing v. Evers, CIVIL NO. 21-000095 JAO-WRP, 2021 WL 3871299, at *6 (D. Hawai`i Aug. 30, 2021) (applying Eleventh Amendment immunity to the plaintiffs' claims against the state judge defendants, in their official capacities, because such claims were effectively claims against the state).

---

[1] "Under the doctrine established in Ex parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar a suit 'for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law.'" Oyama, 2013 WL 1767710, at *7 (quoting Wilbur v. Locke, 423 F.3d 1101, 1111 (9th Cir. 2005)). Guity only seeks damages and, thus, the Ex parte Young doctrine is inapplicable here.

B.  **Absolute Judicial Immunity**

On the face of the Complaint, Guity only alleges his § 1983 claims against Judge Ahn in her official capacity. But, even if the Complaint is liberally construed as alleging his claims against Judge Ahn in her individual capacity, his claims fail because Judge Ahn is entitled to absolute judicial immunity.[2]

"It is well established that judges are absolutely immune from liability for acts done by them in the exercise of their judicial functions." Sakuma v. Ass'n of Condominium Owners of Tropics at Waikele, Civil No. 08-00502 HG-KSC, 2009 WL 89119, at *3 (D. Hawai`i Jan. 13, 2009) (citing Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008); Mullis v. Bankr. Ct. for the Dist. of Nevada, 828 F.2d 1385, 1388 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040, 108 S. Ct. 2031, 100 L. Ed. 2d 616 (1988)).

> Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). "Accordingly, judicial

---

[2] "The Court must look to the nature of the suit, rather than how it is labeled by Plaintiffs, in order to determine whether the suit is an individual-capacity suit or official-capacity suit, or both." Abing, 2021 WL 3871299, at *5 (citing Larson v. Domestic & Foreign Com. Corp., 337 U.S. 682, 687-88 (1949)). Further, because Guity is proceeding pro se, his Complaint must be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The Court therefore liberally construes the Complaint as also alleging claims against Judge Ahn in her individual capacity.

6

> immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Id. Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (superceded by statute on other grounds). "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." Id. (quoting Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988), *cert. denied*, 488 U.S. 995, 109 S. Ct. 561, 102 L. Ed. 2d 587 (1988)). Even if the judges acted incorrectly, with improper motive, or as part of a conspiracy, they are immune from suit for acts performed pursuant to their official functions. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355, 356–57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (citation omitted); Pierson [v. Ray], 386 U.S. [447,] 554 [(1967)] ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly").

Id. (some alterations in Sakuma).

However, there are two limitations on the doctrine of judicial immunity. "First, Judges are absolutely immune from civil liability for actions taken in their official capacities, unless committed in the complete absence of all jurisdiction." Id. (citing Mireles, 502 U.S. at 11–12; Stump, 435 U.S. at 360; Pierson, 386 U.S. at 554).

> Second, only judicial acts are protected by absolute judicial immunity." Mireles, 502 U.S. at 12. The United States Supreme Court in Stump explained that "whether an act by a judge is a

7

> 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362; see also Forrester [v. White], 484 U.S. [219,] 227–229 (1988)]. . . .

Id. at *4 (some alterations in Sakuma).

Here, Guity's § 1983 claims against Judge Ahn arise from her alleged conduct as the presiding judge in Guity's criminal prosecution. As a former judge for the State of Hawai`i, First Circuit Court, Judge Ahn had general jurisdiction over criminal proceedings.[3] See Haw. Rev. Stat. § 603-21.5(a) ("The several circuit courts shall have jurisdiction . . . of: (1) Criminal offenses cognizable under the laws of the State . . . ."). Judge Ahn therefore "did not act in the clear absence of all jurisdiction." See Sakuma, 2009 WL 89119, at *3. Additionally, Guity alleges Judge Ahn violated his constitutional rights when she did not grant his requests for the appointment of counsel or to withdraw his guilty plea. Judge Ahn's denials of Guity's requests are judicial acts because they are "normal judicial function[s]," and "the

---

[3] This Court takes judicial notice of the fact that Judge Ahn is now retired and no longer an active judge. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

8

controversy centered around a case then pending before the judge." See Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001) (identifying four factors "relevant to the determination of whether a particular act is judicial in nature").

Guity argues Judge Ahn is not entitled to absolute judicial immunity because the Hawai`i Intermediate Court of Appeals ("ICA") held that Judge Ahn "'clearly violated Hawai`i Rules of Penal Procedure . . . Rule 11(g).'" [Mem. in Opp. to State Defendants' Motion at PageID #: 80 (quoting State v. Guity, NO. CAAP-12-0000287, 2016 WL 6427681, at *7 (Hawai`i Ct. App. Oct. 31, 2016)[4]).] Yet, even a clear violation of procedural rules does not deprive a judge of absolute judicial immunity. See Moore, 96 F.3d at 1244; Stump, 435 U.S. at 356. Accordingly, Judge Ahn is entitled to absolute judicial immunity, and Guity's § 1983 claims alleged against her are dismissed with prejudice.

## II. Kaneshiro Motion

Kaneshiro argues the § 1983 claims against him should be dismissed with prejudice because: (1) the statute of

---

[4] The Hawai`i Supreme Court vacated the judgment of the ICA because the ICA erroneously held that Guity was only entitled to withdraw his guilty plea in one of the two cases in which he pled guilty. See State v. Guity, 144 Hawai`i 557, 563, 445 P.3d 138, 144 (2019).

limitations bars the claims; (2) Guity failed to allege facts to support any claim against Kaneshiro; (3) Kaneshiro is immune from suit; and (4) any official capacity claim is in effect a claim against the city, and Guity has not alleged sufficient allegations for such a claim.

Even if the Court assumes Guity has sufficiently alleged § 1983 claims against Kaneshiro, it is barred because the statute of limitation has expired. The Ninth Circuit has stated:

> Because 42 U.S.C. § 1983 does not contain its own statute of limitations, "[a]ctions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions." Knox v. Davis, 260 F.3d 1009, 1012–13 (9th Cir. 2001) (citing Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)). In Hawai`i, the statute of limitations for personal injury actions is two years. See Haw. Rev. Stat. § 657-7.
>
>     . . . "Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." Knox, 260 F.3d at 1013 (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153–54 (9th Cir. 2000)). Under federal law, the "discovery rule" typically governs the accrual of § 1983 claims so that "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. (quoting TwoRivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999)).

Bird v. Dep't of Hum. Servs., 935 F.3d 738, 743 (9th Cir. 2019) (per curiam) (some alterations in Bird).

Guity alleges the last event giving rise to his claims occurred on March 5, 2012.  See Complaint at pg. 5.  It is unclear, however, whether the March 5, 2012 date corresponds with any alleged misconduct by Kaneshiro.  Even giving Guity "the benefit of any doubt," see Annan-Yartey v. Honolulu Police Dep't, 475 F. Supp. 2d 1041, 1045 (D. Hawai`i 2007) (citing Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988)), that the March 5, 2012 date was the last date in which Kaneshiro "colluded" with the other defendants, the statute of limitations would run on March 5, 2014.  Guity filed his Complaint on January 21, 2021.  Thus, the statute of limitations for Guity's § 1983 claims against Kaneshiro expired over six and a half years before he filed this action.

Guity does not argue that he did not know or have reason to know of the injury caused by Kaneshiro when it occurred.  Nor can he make such an argument.  Guity's appeal, itself, suggests that he had reason to know of some perceived impropriety.  See, e.g., Guity, 2016 WL 6427681, at *6 (the ICA noted that Guity argues the circuit court "erred in accepting [his] guilty plea").  But, even assuming that Guity did not have knowledge of wrongdoing until the ICA held that the circuit court violated the Hawai`i Rules of Penal Procedure, he had

notice when the ICA's decision was issued on October 31, 2016.[5] Under this hypothetical scenario, Guity needed to file his § 1983 suit by October 31, 2018. He did not do so, and therefore the statute of limitations would bar Guity's claims against Kaneshiro.

Guity instead argues the statute of limitations should be equitably tolled because his criminal case was not resolved by the Hawai`i Supreme Court until June 2019. [Mem. in Opp. to Kaneshiro Motion at PageID #: 115.] "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing.'" Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 255 (2016) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). "Extraordinary circumstances must be 'both extraordinary **and** beyond [the litigant's] control.'" Quintero Perez v. United States, 8 F.4th 1095, 1102 (9th Cir. 2021) (alteration and emphasis in Quintero Perez) (quoting Menominee Indian Tribe, 557 U.S. at 255). "Equitable tolling is appropriate in § 1983 cases where there is 'timely notice, [lack] of prejudice to the defendant, and reasonable and good

---

[5] The issue of whether Kaneshiro colluded with Minn or Judge Ahn was not before either the ICA or the Hawai`i Supreme Court.

12

faith conduct on the part of the plaintiff.'" Wideman v. Ige, CIV. NO. 20-00162 LEK-KJM, 2020 WL 2530347, at *5 (D. Hawai`i May 18, 2020) (alteration in Wideman) (quoting Donoghue v. Orange Cty., 848 F.2d 926, 931 (9th Cir. 1987)).

Here, "nothing prevented [Guity] from commencing his suit during his criminal appeal," see Mills v. City of Covina, 921 F.3d 1161, 1168 (9th Cir. 2019), because Guity's § 1983 claims against Kaneshiro accrued well before his criminal conviction was set aside. In other words, his § 1983 claims against Kaneshiro did not depend on the outcome of the appeal from his conviction. As such, Guity fails to show that: (1) he was pursuing his rights diligently; and (2) that the late filing was due to extraordinary circumstances outside of Guity's control. Equitable tolling is therefore inappropriate, and Guity's § 1983 claims against Kaneshiro are dismissed. Because amendment cannot cure the claims' defect, the dismissal is with prejudice.

### III. **Minn Motion**

Minn also argues Guity's § 1983 claims against him are barred by the statute of limitations. [Mem. in Supp. of Minn Motion at 10-11.] He is correct.

Assuming that Guity alleges plausible § 1983 claims against Minn, such claims are barred for the same reasons as the claims against Kaneshiro. See *supra* Discussion Section II.

Giving Guity the benefit of any doubt, the last dates Guity needed to file his claims against Minn were either March 5, 2014 (if the statute of limitations started to accrue on the date of the injury alleged) or October 31, 2018 (if the statute of limitations started to accrue when the ICA's decision was issued).  Further, equitable tolling is not proper here because Guity neither pursued the claims diligently nor showed extraordinary circumstances outside of his control.  Accordingly, Guity's claims against Minn are dismissed with prejudice.

## CONCLUSION

On the basis of the foregoing, the following motions are HEREBY GRANTED: the State Defendants' Motion to Dismiss Complaint Filed on January 21, 2021, filed April 9, 2021; Kaneshiro's Motion to Dismiss Complaint for Violation of Civil Rights Filed January 21, 2021, filed April 29, 2021; and Minn's Motion to Dismiss Complaint (ECF 1) with Prejudice, filed May 10, 2021.  Guity's Complaint is therefore DISMISSED WITH PREJUDICE.

This Court DIRECTS the Clerk's Office to enter final judgment and close the case on **January 25, 2022,** unless Plaintiff files a timely motion for reconsideration of this Order as provided for in the Local Rules.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 11, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**WALTER N. GUITY VS. STATE OF HAWAII, ET AL; CV 21-00055 LEK-KJM; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**